UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

JONHATAN ENRIQUE PALACIO JARQUIN,

Petitioner,

v.

WARDEN, CALIFORNIA CITY IMMIGRATION PROCESSING CENTER, *et al.*,

Respondents.

Case No. 1:26-cv-05913 (VC)

**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS**

Re: Dkt. Nos. 1, 2

Petitioner Jonhatan Enrique Palacio Jarquin is a noncitizen detainee proceeding with a petition for writ of habeas corpus and application for a temporary restraining order, arguing that his detention has become unconstitutionally prolonged per *Zadvydas v. Davis*. Dkt. No. 1 at 8–9. For the reasons that follow, the Court GRANTS Petitioner's *Zadvydas* claim and finds the application for a temporary restraining order moot.[1]

## I. BACKGROUND

Petitioner was ordered removed to Nicaragua pursuant to a final order of removal dated November 2, 2021 and detained by immigration authorities for several months to effectuate that removal. *See* Dkt. No. 7-1 at 12. It appears the Government was unable to remove him at that time, and he was released on an order of supervision ("OSUP") in June 2022. Dkt. No. 1–2. Between June 2022 and his most recent detention, Petitioner complied with all the conditions of

[1] On July 28, 2026, the Court set an expedited briefing schedule, and indicated that it intended to rule on the petition and application for a temporary restraining order together. *See* Dkt. No. 4. Neither party objected to ruling on the underlying petition in their response.

his OSUP by attending all scheduled immigration check-ins and keeping a clean criminal record—contentions which Respondents do not dispute. *Id*. at 2.

However, on August 29, 2025 while attending a scheduled immigration appointment, immigration officials revoked Petitioner's OSUP, explaining in the "Notice of Revocation of Release" that "ICE has determined that there is a significant likelihood of removal in the reasonably foreseeable[.]" Dkt. No. 7-1 at 14. What this finding was based on, however, is not explained. Petitioner has been detained since this revocation nearly one year ago. Dkt. No. 1 at 2 (explaining that Petitioner had been detained for 328 days at the time of executing his habeas petition).

On April 17, 2026, an Immigration Judge granted Petitioner withholding of removal to Nicaragua. Dkt. No. 7-1 at 17. The effect of this order is that the Government cannot legally remove Petitioner to Nicaragua—i.e., the only country listed in his order of removal. Immigration officials subsequently provided Petitioner with a "Notice of Removal" to Mexico, which he has refused to sign. *See* Dkt. No. 7-1 at 20.

## II. DISCUSSION

Respondents claim that Petitioner's continued detention is lawful under 8 U.S.C. § 1231(a)(6), and that they remain ready to remove Petitioner to Mexico once he "cooperates" by signing the Notice of Removal to Mexico. Dkt. No. 7 at 3. In response, Petitioner argues that removal to Mexico requires consent of the individual subject to such removal—something he has refused to give as he has no ties to that country and has not been afforded an opportunity to contest deportation there. Dkt. No. 8 at 2–4. As the Government cannot remove him to either Nicaragua or Mexico, he argues that his removal is not reasonably foreseeable, and release under *Zadvydas v. Davis* is warranted. *Id*. at 4. The Court agrees.

Section 1231(a)(6) authorizes detention beyond the typical 90-day removal period during which an individual must be mandatorily detained. 8 U.S.C. § 1231(a)(6) (explaining that, under certain circumstances, an alien "may be detained beyond the removal period and, if released, shall be subject to the terms of supervision in paragraph (3)"). However, § 1231(a)(6) allows

detention beyond this 90-day window only for "a period *reasonably necessary* to bring about that [noncitizen]'s removal from the United States." *Zadvydas v. Davis*, 533 U.S. 678, 699 (2001). "The presumptive ceiling for this detention is six months, after which, 'once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing.'" *Arias Garcia v. Warden*, No. 1:26-CV-04659-DJC-JDP, 2026 WL 2254380, at *1 (E.D. Cal. Aug. 4, 2026) (quoting *Zadvydas*, 533 U.S. at 689).

Petitioner has met his initial burden under this test. His nearly one-year detention has well surpassed the 6-month presumption in *Zadvydas*. And the fact that he does not consent to his removal to Mexico demonstrates that there is no significant likelihood of removal in the reasonably foreseeable future. "Indeed, district courts have repeatedly found that similarly situated petitioners—Cuban nationals whom the Government is attempting to remove to Mexico against their will—have met their initial burden [under *Zadvydas*], especially because the current standing agreement with Mexico appears to be conditioned on the consent of the noncitizen." *Arias Garcia*, 2026 WL 2254380, at *2 (collecting cases); *see also Sanchez v. Bondi*, No. C25-2573-KKE, 2026 WL 160882, at *3 (W.D. Wash. Jan. 21, 2026) (finding removal to Mexico not reasonably foreseeable where "Mexico's acceptance [of him] may be contingent on [his] consent, which [Petitioner] is unwilling to provide.") (internal quotations omitted); *Rodriguez-Fernandez v. Bondi*, No. 2:26-CV-00170-TMC, 2026 WL 445562, at *3–4 (W.D. Wash. Feb. 17, 2026) (same); *Ruiz-Acosta v. Cent. Valley Annex*, No. 1:26-CV-04371-DAD-JDP (HC), 2026 WL 1846727, at *3 (E.D. Cal. June 26, 2026).

Relying on *Pelich v. INS*, 329 F.3d 1057 (9th Cir. 2003), Respondents argue that Petitioner "has not demonstrated the absence of a significant likelihood of removal in the foreseeable future" because his removal to Mexico can be effectuated once he consents. Dkt. No. 7 at 3. *Pelich*, however, is readily distinguishable. There, the Ninth Circuit found that the government was authorized to extend a noncitizen's detention period pursuant to 8 U.S.C. § 1231(a)(1)(C) because the petitioner had been ordered removed to Poland, but refused to

complete certain travel documents to effectuate that removal. *Pelich*, 329 F.3d at 1059–61. *Pelich* then "set[s] forth a narrower rule, inapplicable here, that the noncitizen's failure to cooperate with removal to the country *to which he was ordered removed* tolls the 90-day [detention] period." *Couso Mendez v. Warden California City Det. Facility*, No. 1:26-CV-4977-TLN-JDP, 2026 WL 2192274, at *2 (E.D. Cal. July 29, 2026), *report and recommendation adopted sub nom. Couso M. v. Warden, California City Det. Facility*, No. 1:26-CV-4977-TLN-JDP, 2026 WL 2216125 (E.D. Cal. July 31, 2026) (emphasis added).

"Here, in contrast … Petitioner merely refused to affirmatively agree to his removal to a third country to which he has no ties[,]" and which he has never been ordered removed to. *Rivero-Tapanes v. Rokosky*, No. CV-26-01542-PHX-RM (CDB), 2026 WL 1469826, at *4 (D. Ariz. May 26, 2026). *Pelich* does not stand for the proposition that an individual may remain detained where he refuses to be deported to a country he (1) was not ordered removed to, and (2) has not been provided the opportunity to challenge said removal. "To adopt the Government's position on the use of detention to strong-arm third-country removals would not only undermine the consent required in those removals but also sanction the use of detention to coerce otherwise unavailable deportations." *Arias Garcias*, 2026 WL 2254380, at *3.

As Respondents have not presented any other arguments to rebut Petitioner's showing that there is no significant likelihood of removal in the reasonably foreseeable future, Petitioner is entitled to release.

## III. CONCLUSION AND ORDER

1. The Petition for Writ of Habeas Corpus is GRANTED as to the Third Claim in the Petition.[2]

---

[2] Petitioner also asserts that ICE improperly revoked his Order of Supervision prior to his arrest and that his detention without an individualized custody determination has become unconstitutionally prolonged. *See* Dkt. No. 1 at 6–8. Because Petitioner's *Zadvydas* claim entitles him to complete relief—i.e., release from detention—the Court need not, and does not, address the additional claims raised in the petition. *See N.K. v. Noem*, No. 1:26-CV-0292 KES SAB, 2026 WL 130345, at *1 (E.D. Cal. Jan. 16, 2026) (granting habeas petition as to the second

2. Respondents are ordered to immediately release Petitioner from their custody under reasonable terms of supervision pursuant to 8 C.F.R. § 241.5.

3. Respondents are ENJOINED AND RESTRAINED from re-arresting or re-detaining Petitioner without a change in circumstances to warrant Petitioner's re-detention.

4. The Clerk of the Court is directed to close this case and enter judgment for Petitioner. This Order resolves all pending motions.

**IT IS SO ORDERED.**

Dated: August 18, 2026

VINCE CHHABRIA
United States District Judge

count of the petition and not addressing other counts because the petitioner was entitled to the relief sought based on the court's ruling as to that second count).